Fecteau, J.
This matter came on for hearing on February 24, 2000, on the plaintiffs application for a preliminary injunction upon the grant of a short order of notice; and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
1. Failure to issue the preliminary injunction will not subject the moving party to a substantial risk of irreparable harm, i.e., loss of rights not capable of remediation by a final judgment in law or equity should the moving party prevail after a full hearing on the merits. The plaintiff contends that the failure to act on Article 2 of the warrant for the special town meeting of February 16, 2000, prior to March 1, 2000, will result in the town failing to comply with a state deadline; such deadline, if missed, leads, according to the plaintiff, to a one-year delay in the school construction project moving forward and that the state reimbursement formula may change in the interim, possibly resulting in additional cost to the citizens of Uxbridge. Any change in the state reimbursement formula is speculative at best. Additional cost of or delay in a construction project is not seen as irreparable harm.
2. There is a likelihood that the moving party will not be successful after a full hearing on the merits.
The plaintiff has not shown a likelihood that it has standing to bring this action in the name of citizens of the Town of Uxbridge against the Town of Uxbridge. Only the Board of Selectmen, with limited exceptions, can bring an action on behalf of the citizens of the town. G.L.c. 40, Sec. 2; by-laws of the Town of Uxbridge, Section VII, subsection A. The school committee is not sufficiently distinct and independent to have this right to sue inherent in its authority, especially concerning matters of appropriation rather than the management of the schools.
Even if this court was to decide that the school committee has standing to sue, the moving party has not shown a likelihood that the action of the moderator to call for a vote by written ballot on Article 1, notwithstanding the by-laws stated manner of voting, is not a point of order, and, therefore, an issue of substantive law and reviewable by the court. See Doggett v. Hooper, 308 Mass. 129, 133 (1940). The plaintiff also has not *310 shown that the ruling by the moderator that adjournment of the meeting was in order, notwithstanding the fact that no action had occurred on Article 2, was likewise a matter of substantive law rather than a point of order. The moderator’s authority over the conduct of the town meeting is a matter that is recognized both in the General Laws of the Commonwealth and in the by-laws of the town. G.L.c. 39, Sec. 15; Section II, subsection H of the by-laws of the Town of Uxbridge.
3. The granting of the preliminary injunction will not create a substantial risk of irreparable harm to the party opposing the issuance of the injunction, other than the lack of adequate notice of the reconvening of the special town meeting requested by the plaintiff for February 28, 2000, some four days hence.
4. There is a likelihood that the party opposing the issuance of the injunction will be successful after a full hearing on the merits.
5. The court concludes that the risk of irreparable harm to the moving party, viewed in the light of that party’s chances of success on the merits of the case, does not outweigh the probable harm to the opposing party, viewed in the light of that party’s likelihood of prevailing on the merits of the case.
6. The granting of the preliminary injunction will not best serve the public interest.
7. Accordingly, based upon the foregoing findings of fact and rulings of law, the application for the entry of the preliminary injunction is DENIED.